IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-99-CR-0112-G(02) |
| | § | NO. 3-07-CV-1152-G |
| SHENARD TYVON WELLS | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Shenard Tyvon Wells, appearing *pro se*, has filed a pleading entitled "Motion for Relief From Judgment to Equitably Toll § 2255 Pursuant to FRCP 60(b)(6)," which has been docketed as a motion to correct, vacate, or set aside sentence under 28 U.S.C. § 2255. For the reasons stated herein, the pleading should be treated as a Rule 60(b)(6) motion, not a section 2255 motion, and the relief requested should be denied.

I.

A jury convicted defendant of conspiracy to distribute and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 846 & 841(a)(1). Punishment was assessed at 360 months confinement, followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. Wells*, 262 F.3d 455 (5th Cir. 2001). Defendant also filed two motions for post-conviction relief under 28 U.S.C. § 2255. The first motion was denied on the merits. *United States v. Wells*, No. 3-02-CV-1831-G (N.D. Tex. Jun. 27, 2003), *COA denied*, No. 03-10769 (5th Cir. Feb. 17, 2004). The second motion was dismissed as successive. *United States v. Wells*, No. 3-05-CV-0568-G, 2005 WL 1240367 (N.D. Tex. May 23, 2005).

Defendant now seeks an order, by way of a Rule 60(b)(6) motion, setting aside the judgment in his first section 2255 case and tolling the AEDPA statute of limitations. As grounds for his motion, defendant contends that he received ineffective assistance of counsel in connection with the prior section 2255 proceeding.[1]

II.

A district court may grant relief from a final judgment "[o]n motion and upon such terms as are just . . ." FED. R. CIV. P. 60(b). These terms include: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(2), (4) & (5). The court may also set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision of Rule 60(b) is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996).

A.

The court initially observes that a federal prisoner may challenge his conviction and sentence only in a section 2255 motion. *See, e.g. United States v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1156 (1999) (motions brought by federal prisoners under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, may be treated as section 2255 motion). In addition, a federal prisoner may not file a second or successive section 2255 motion without first obtaining permission from a three-judge panel of the court of appeals. *See*

---

[1] Defendant filed a similar Rule 60(b)(6) motion on April 23, 2007, two months before the instant case was filed. The prior motion was dismissed by the court at defendant's request. *See United States v. Wells*, No. 3-07-CV-0704-G (N.D. Tex. May 17, 2007).

28 U.S.C. §§ 2241 & 2255. Here, defendant is not attacking his underlying conviction. Rather, he argues that the judgment denying his initial section 2255 motion should be set aside because Thomas R. Cox III, an attorney hired to represent defendant in that case, failed to take any action on his behalf. Upon learning that Cox did not file a section 2255 motion as promised, defendant filed his own motion, which was denied on the merits. Defendant therefore asks the court to reopen his first section 2255 proceeding and to "equitably toll" the AEDPA statute of limitations for that purpose.

B.

In *Gonzalez v. Crosby*, 545 U.S. 524, 533, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005), the Supreme Court held that a Rule 60(b) motion by a state prisoner attacking "some defect in the integrity of the federal habeas proceedings" is not a second or successive habeas petition under 28 U.S.C. § 2254. At least one circuit court has adopted a similar rule in federal habeas proceedings brought under 28 U.S.C. § 2255. *See Rodriguez v. Mitchell*, 252 F.3d 191, 198 (2d Cir. 2001). But even if the court allows defendant to present his argument by way of a Rule 60(b) motion, he has failed to demonstrate "extraordinary circumstances" warranting such relief. This is not a case, as defendant suggests, where the court must decide whether to toll the AEDPA statute of limitations to enable a prisoner to seek post-conviction relief. Indeed, defendant timely filed a section 2255 motion which was fully addressed by the court and denied on the merits. The issue raised by defendant in his Rule 60(b) motion is whether the failure of his retained counsel to file a section 2255 motion constitutes "extraordinary circumstances" for setting aside the judgment in that case. Defendant cites no authority which supports his entitlement to Rule 60(b) relief under such circumstances. Accordingly, his motion should be denied. *See, e.g. Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004) ("To obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or

*pro se.*"); *United States v. Long*, No. 3-02-CR-0031-JVS, 2006 WL 319245 at *7 (D. Alaska, Feb. 10, 2006) (failure to appoint counsel in prior section 2255 proceeding did not rise to the level of "extraordinary circumstances" warranting Rule 60(b) relief because defendant had no constitutional right to counsel and his section 2255 motion was heard on the merits).

## RECOMMENDATION

The pleading filed by defendant should be docketed as a Rule 60(b) motion in the underlying criminal action, No. 3-99-CR-112-G, and his prior section 2255 case, No. 3-02-CV-1831-G. Once the pleading is properly redocketed, the motion [Doc. #433] should be denied. The instant case, No. 3-07-1152-G, which was improperly opened as a new section 2255 action, should be administratively closed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 10, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE